

Case No.: 3:14-cv-01827-MO

Case Title: Nathan Powell v. Adlerhorst International, Inc.

Presiding Judge: Hon. Michael W. Mosman

Date of Proceeding: November 16, 2016

Courtroom Deputy: Dawn Stephens
Dawn_Stephens@ord.uscourts.gov
Telephone number (503) 326-8024

**DOCKET ENTRY:** ORDER

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings [118]. For the reasons stated below, the Court DENIES Defendant's Motion.

As a general matter, negligence and strict liability are "separate and independent theories of recovery, and a failure to prove one theory does not preclude proving another theory." Am. L. Prod. Liab. 3d § 10:1 (2016 Update). The Oregon product liability statute reflects this general principle as well, stating that the statute does not "limit the rights and liabilities of sellers and lessors under principles of common law negligence." Or. Rev. Stat. § 30.920 (West 2016). Thus, in at least some instances, the same set of facts will give rise to both strict liability *and* negligence claims.

In *Barry v. Don Hall Laboratories*, for example, a vitamin-user brought an action for personal injuries based on both negligence and strict liability. 642 P.2d 685, 687 (Or. App. 1982). The plaintiff alleged that the vitamins, which had a high sugar content but no warning, caused him to experience severe tooth decay. *Id.* The trial court got rid of the negligence claim but the appellate court reversed, holding that the evidence presented a jury question as to whether "defendant was negligent in failing to take appropriate steps to warn [the] plaintiff." *Id.*

Despite this general principle, authorities recognize that asserting both strict liability and negligence claims based on the same set of facts can result in confusion and seemingly inconsistent verdicts. Restatement (Third) of Torts: Prod. Liab. § 2 cmt. n (1998). Such is the case here. Plaintiff alleges that Defendant was negligent when it (1) failed to screen, evaluate, or train Azi; (2) preselected and recommended Azi for sale; and (3) failed to warn Sherwood and its personnel of Azi's dangerous tendencies. These claims all rest on Azi being overly aggressive, protective, vicious, and disobedient. Azi may have had these characteristics, but per the jury's answer to Question #8 on the Verdict Form, they did not make him "unreasonably dangerous." This means, to prevail on his negligence claims, Plaintiff would have to prove that Defendant acted unreasonably under the circumstances by recommending and selling a dog that was *reasonably* dangerous. Such an argument makes no legal sense. Thus, in light of the jury's finding that Azi was not unreasonably dangerous, Plaintiff cannot prove the majority of his negligence theories.

Plaintiff's theory of negligence on Defendant's failure to warn is different, however. Even if Azi was only reasonably dangerous, Defendant still could have acted unreasonably by failing to warn Plaintiff of Azi's dangerous tendencies. There are plenty of situations in which a failure to warn in regard to reasonably dangerous

Civil Minutes
Revised 3/15/96

Honorable Michael W. Mosman

products (e.g., guns, cigarettes, cleaning products) would be unreasonable under the circumstances. As such, failing to warn of Azi's aggression, protectiveness, and disobedience could support a finding of negligence even if these characteristics did not make Azi unreasonably dangerous.

Finally, the fact that Plaintiff is an employee of Azi's purchaser (Sherwood) does not preclude him from advancing his negligence theory on Defendant's failure to warn. Since the duty of care in negligence does not arise out of contract, the duty is owed "not only to the purchaser but to any person foreseeably using or affected by the product." Am. L. Prod. Liab. 3d § 10:8. This may include members of the purchaser's family, persons who borrow the product from the purchaser, and employees of the purchaser. *Id*. Even though there is some disagreement over to whom exactly the duty runs, the Ninth Circuit has concluded that in most cases, "the jury should determine the reasonableness and adequacy of the warnings provided under the unique circumstances of each case." *Bryant v. Tech. Research Co.*, 654 F.2d 1337, 1348 (9th Cir. 1981). This conclusion is consistent with Oregon law as well. *See Anderson v. Klix Chem. Co.*, 472 P.2d 806, 813 (Or. 1970) (concluding that whether a manufacturer's duty to warn ran to a hotel maid who used the product was a question of fact) (*disapproved on other grounds by Phillips v. Kirmwood Mach. Co.*, 525 P.2d 1033 (Or. 1974)). Thus, in this case, whether Defendant's failure to warn or inadequate warning renders it liable to Plaintiff, an employee of the direct purchaser, is a question of fact for the jury.

"[C]ollateral estoppel is inappropriate [when] there is *any doubt* as to whether an issue was actually litigated in a prior proceeding." *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 912 (9th Cir. 1997) (emphasis added). Accordingly, the Court DENIES Defendant's Motion for Judgment on the Pleadings [118], with the caveat that Plaintiff may pursue his negligence claim on a theory of Defendant's failure to warn only.