IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NATHAN POWELL,

    Plaintiff,

v.

ADLERHORST INTERNATIONAL,
INC., a California corporation,

    Defendant.

No. 3:14-cv-01827-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This matter comes before me on Adlerhorst International, Inc.'s Bill of Costs [186]. Mr. Powell objects to an award of costs in general, as well as to specific costs claimed by Adlerhorst. For the reasons set forth below, Mr. Powell has only partially satisfied his burden of overcoming the presumption that Adlerhorst, as the prevailing party, is entitled to costs. Accordingly, Adlerhorst is entitled to a reduced fee award of $1,250.00.

## BACKGROUND

    Mr. Powell sued Adlerhorst after he was attacked by Azi, a dog that Adlerhorst sold to Mr. Powell's employer, the Sherwood Police Department. In December 2015, the matter went to trial on Mr. Powell's theories of strict liability and negligence. The jury concluded that Azi was not unreasonably dangerous, thereby precluding Mr. Powell's recovery on the basis of strict liability. The jury's verdict on negligence, however, was irreconcilable and created the need for a

second trial. After being significantly narrowed to a negligent failure to warn theory, the case went to trial for a second time in December 2016. The jury in the second trial concluded that Adlerhorst had not acted negligently, and accordingly, judgment was entered in favor of Adlerhorst. Adlerhorst now seeks to recover the costs it incurred from the first and second trials.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to a prevailing party, meaning that "the losing party must show why costs should not be awarded" in any particular case. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The district court has discretion to refuse to awards costs, but if it does, it must provide specific reasons for doing so. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc)). Ultimately, a district court's decision regarding costs is reviewed for abuse of discretion. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

## DISCUSSION

In *Escriba*, the Ninth Circuit provided five appropriate reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba*, 743 F.3d at 1247-48. These reasons provide "a starting point for the analysis," and a losing party does not need to demonstrate all five factors for a court to deny costs. *Draper*, 836 F.3d at 1087 (citing *Escriba*, 473 F.3d at 1248).

Here, Mr. Powell relies on several of these reasons in arguing that I should exercise discretion and deny Adlerhorst's Bill of Costs in its entirety. Alternatively, Mr. Powell argues that I should deny Adlerhorst's request for particular costs, such as those pertaining to certain witnesses and transcripts not referenced during trial.

I. **Adlerhorst's Bill of Costs in Its Entirety**

Mr. Powell relies on several of the reasons from *Escriba* to argue that Adlerhorst's Bill of Costs in its entirety should be denied. I briefly address each of the reasons from *Escriba*, recognizing that they are merely a starting point for the analysis.

A. **Public Importance**

Mr. Powell does not argue that this case is of substantial public importance. In any event, this case concerns a common law tort rather than the types of civil rights at issue in cases where the Ninth Circuit has found the denial of costs to be appropriate. *See, e.g.*, *Draper*, 836 F.3d at 1088; *Escriba*, 743 F.3d at 1248; *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

B. **Closeness and Difficulty of the Issues Presented**

Mr. Powell includes only one reference to the issues being close. Specifically, he asserts "the issues in the case, especially as to negligence, were close." Mr. Powell provides no explanation, let alone support, however, as to why the issues were particularly close or complicated. It is possible that Mr. Powell is correct and that the issues related to negligence in this case were close. But Mr. Powell made no arguments on this point, and none comes immediately to mind if I were inclined to make them for him.

C. **Chilling Effect on Future Similar Actions**

Similar to his argument regarding the closeness of the issues, Mr. Powell makes one assertion regarding the potential chilling effect of granting costs in this case. He argues that

forcing "an injured plaintiff to pay for a defendant corporation's costs . . . could chill future plaintiffs from pursuing their good faith claims against corporate defendants." Unlike *Association of Mexican-American Educators*, *Escriba*, or *Draper*, however, this case does not involve a "specific class[] of litigants who would be particularly vulnerable to an award of costs following litigation with an effect beyond the individual litigant." *Redwind v. W. Union, LLC*, No. 3:14-cv-01699-AC, 2017 WL 1025184, at *6 (D. Or. Mar. 16, 2017). Although there is an inherent chilling effect in awarding costs to Adlerhorst, Mr. Powell has not demonstrated that such effect is the "type meriting a denial of costs." *Id.* The facts of each tort suit are unique, and the outcome in this case will not likely deter potential plaintiffs who allegedly suffer injuries at the hands of corporate defendants in the future from bringing their own suits.

### D. Mr. Powell's Limited Financial Resources

Mr. Powell also asserts that awarding costs in this case would impose "a severe financial burden" upon him and his family. As noted above, a plaintiff's financial status is an appropriate consideration when determining whether to award costs to a prevailing defendant. *See Escriba*, 743 F.3d at 1248. In conducting this inquiry, a district court generally looks at the plaintiff's employment status, income, assets, and debts. *Redwind*, 2017 WL 1025184, at *4. A court may deny costs "when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed." *Escriba*, 743 F.3d at 1248 (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999).

In this case, although Mr. Powell claims the award would impose a severe financial burden upon him and his family, he provides no information as to his income, assets, or debts demonstrating that such is the case. Typically, without any supporting financial information, Mr. Powell cannot overcome the presumption in favor of awarding costs to Adlerhorst. But two jury

trials in this case have provided me with some minimal insight into Mr. Powell's financial picture, enough to support some reduction in costs in light of this factor tipping in Mr. Powell's favor.

### E. Economic Disparity Between the Parties

Finally, Mr. Powell argues that the economic disparity between the parties supports denying Adlerhorst's Bill of Costs. Despite Adlerhorst's contention that it is a "small, California corporation," there is no doubt some economic disparity between Mr. Powell, an individual, and Adlerhorst, a corporation. And Adlerhorst's protestation of being small is somewhat belied by the economic evidence presented in this case. But economic disparity alone is not necessarily sufficient to overcome the presumption in favor of awarding costs. *See Redwind*, 2017 WL 1025184, at *4. If it were, every case that involved economically disparate parties would warrant the denial of costs, making the presumption somewhat meaningless. *See id.* Here, the relatively modest economic disparity warrants only a minor cost reduction.

### F. Additional Reasons to Deny Costs

In addition to the reasons from *Escriba*, Mr. Powell argues that I should deny costs because (1) he brought his claims in good faith, and (2) Adlerhorst refused to settle the case. Both of these reasons are unconvincing. The fact that Mr. Powell acted in good faith in bringing these claims does not relieve him of "the obligation under Rule 54(d) to compensate his opponent for reasonable costs." *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled on other grounds by Ass'n of Mexican-Am. Educators*, 231 F.3d 572; *see also Nelson v. Fiskars Brands, Inc.*, No. 3:14-cv-00685-SB, 2015 WL 7306426, at *2 (D. Or. Nov. 19, 2015). Similarly, Adlerhorst's decision to pursue an affirmative defense and not settle cannot

serve as a valid reason to deny its costs. These additional reasons are insufficient to overcome the presumption in favor of awarding costs.

## II.     Objections to Specific Costs Claimed by Adlerhorst

As an alternative to his argument that I should deny Adlerhorst's Bill of Costs in its entirety, Mr. Powell raises several objections pertaining to specific costs claimed by Adlerhorst. Ultimately, these objections are unconvincing.

First, Mr. Powell asserts that Adlerhorst should not be able to recover costs related to the first trial because Adlerhorst did not "prevail" in the first trial. I disagree. In the abstract, I might hesitate to award costs relating to a first trial to a party who prevailed in a second trial following a mistrial the first time. But our case does not involve a complete mistrial. After the first trial, the jury concluded that Adlerhorst was not strictly liable for Azi's attack on Mr. Powell. Even though the jury's finding on negligence necessitated a second trial, the strict liability finding stuck and prevented Mr. Powell from advancing that theory at the second trial. When viewed in this context, the result in the first trial had a preclusive effect on the proceedings for the remainder of the case that was beneficial to Adlerhorst. Thus, Adlerhorst was the prevailing party at the first trial and is presumably entitled to costs associated with that trial.

Additionally, Mr. Powell argues that costs relating to several witnesses, including subpoena and witness fees, were unnecessary because Mr. Powell subpoenaed those witnesses for his case in chief. The fact that Mr. Powell subpoenaed the witnesses does not relieve him from having to reimburse Adlerhorst for its actual costs associated with those same witnesses. Adlerhorst could not necessarily rely on Mr. Powell's subpoena of these individuals and should not be punished for ensuring that the witnesses were present for trial.

Finally, Mr. Powell asserts that Adlerhorst is not entitled to costs for deposition transcripts, trial transcripts, and copies because such items were either not introduced at trial or not necessary for trial. Generally, a prevailing party is entitled to fees for "printed or electronically recorded transcripts," and "copies of any materials" when such items are "necessarily obtained for use in the case." 28 U.S.C. § 1920(1)-(4). This does not mean that such items must be introduced at trial, but if the items were "merely useful for discovery then they [are] not taxable." *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963).

Here, Mr. Powell argues that the deposition transcripts were not necessary because "all of the deposed witnesses were available for – and testified at – trial." This argument is unavailing, however, because deposition transcripts may also be important for purposes of impeachment. *See id.* Mr. Powell's objections relating to the trial transcripts and copies are likewise unconvincing because, other than making unsupported assertions, he does not demonstrate that such costs were unnecessary for the second trial. Therefore, I decline to prevent Adlerhorst from recovering these specific costs.

## CONCLUSION

For the reasons above, I find that Mr. Powell has only partially satisfied his burden of demonstrating that Adlerhorst, as the prevailing party, is not entitled to costs. I find the stated costs to be reasonably necessary for trial but subject to reduction as explained above. Therefore, Adlerhorst is entitled to costs in the amount of $1,250.00.

IT IS SO ORDERED.

DATED this __12__ day of April, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge